# Third District Court of Appeal

## State of Florida

Opinion filed November 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1168
Lower Tribunal No. 20-18491
_____

**Pedro Velasquez,**
Appellant,

vs.

**Lesly Mendieta,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

The Joseph Firm, P.A., and Marck K. Joseph, for appellant.

Recoba Law Office, and Megan Roth and Raul C. Recoba, for appellee.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

HENDON, J.

Pedro Velasquez ("Husband" or "Father") appeals from the Order on

Father's Motion for Temporary Timesharing entered following an evidentiary hearing, which order reflects lower tribunal case number 2020-018491 FC 04. We affirm the order under review but remand with instructions for the trial court to enter an amended order reflecting the correct lower tribunal case number—2020-019084 FC 04.

The Husband and Lesly Mendieta ("Wife") have two actions pending before the same division in the lower tribunal: (1) a domestic violence action initiated by the Wife when she filed a Petition for Injunction for Protection Against Domestic Violence with Children against the Husband ("Injunction Petition"), which was assigned case number 2020-018491 FC 04 ("Domestic Violence Action"), and (2) a dissolution of marriage action initiated by the Wife, which was assigned case number 2020-019084 FC 04 ("Divorce Action"). At all times relevant to this appeal, both actions were before Judge Cristina Marie DiRaimondo.

In these two cases, three notices were filed setting matters for hearing before Judge DiRaimondo on April 19, 2021 at 2:30 p.m. via Zoom—(1) a notice of hearing filed in the Domestic Violence Action setting the Husband's Motion for Summary Judgment and/or to Dismiss Petition for Injunction and also setting the final hearing in the Domestic Violence Action; (2) a notice of hearing filed in the Divorce Action setting the Father's

Motion for Temporary Timesharing Schedule ("Motion for Temporary Timesharing"); and (3) a notice of hearing filed in the Domestic Violence Action setting the Wife's Motion for Leave to Amend Petition.

At the April 19, 2021 hearing, the trial court granted the Wife's motion for leave to amend the Injunction Petition, and stated that, during this hearing, it would not be ruling on the Husband's Motion for Summary Judgment and/or to Dismiss Petition for Injunction or conducting the final hearing in the Domestic Violence Action. Moreover, the trial court entered the order under review—Order on Father's Motion for Temporary Timesharing. In this order, the trial court denied the Father's Motion for Temporary Timesharing without prejudice, appointed a guardian ad litem ("GAL"), noted that the trial court would revisit the temporary timesharing issue after the GAL provides a recommendation to the trial court, and ordered the parties to continue the timesharing as set forth in the Agreed Timesharing Order entered in January 2021 in the Domestic Violence Action. Although the Father's Motion for Temporary Timesharing was filed in the Divorce Action, the order under review reflects the case number in the Domestic Violence Action. The Father's appeal followed.

The Father argues that the trial court erred by entering the order under review where a motion for temporary timesharing was not filed or

3

noticed for hearing in the Domestic Violence Action. The Father's argument lacks merit.

The Father's Motion for Temporary Timesharing and the respective notice of hearing were filed in the Divorce Action, not the Domestic Violence Action. Thus, the Father's argument completely lacks merit as it evident that the reference to the case number in the Domestic Violence Action was nothing more than a scrivener's error.

We also reject the Father's argument that the trial court erred by ordering the appointment of a GAL where neither party filed a motion requesting the appointment of a GAL in the Domestic Violence Action, and the trial court lacked the authority to appoint a GAL in a domestic violence action. Contrary to the Father's contention, the trial court appointed the GAL in the Divorce Action, not the Domestic Violence Action. As stated earlier, the reference to the case number in the Domestic Violence Action is a scrivener's error. Further, a trial court has the discretion to appoint a GAL in a dissolution of marriage action if the trial court determines it is in the best interest of the child. See § 61.401, Fla. Stat. (2021). As such, this argument also lacks merit. Accordingly, we affirm the order under review but remand with instructions for the trial court to enter an amended order reflecting the correct lower tribunal case number—2020-019084 FC 04.

Affirmed and remanded with instructions.